303 Ga. 18
FINAL COPY

S17A1758.  VEAL v. THE STATE.

BENHAM, JUSTICE.

This is Robert Veal's second appeal of his convictions for crimes committed in the course of two armed robberies on November 22, 2010.  See *Veal v. State*, 298 Ga. 691 (784 SE2d 403) (2016) ("*Veal I*").  After a jury found Veal guilty of malice murder and other offenses charged in the indictment against him, the trial court sentenced him to imprisonment for life without parole ("LWOP") for malice murder; six consecutive life sentences for rape, aggravated sodomy, and four armed robbery convictions; and sentences totaling 60 consecutive years for other convictions involved in the case.  Id. at 692 n. 1.  Veal argued in his first appeal that because he was under 18 years of age at the time of his crimes, his LWOP sentence was improperly imposed.  This Court agreed since the trial court made no determination on the record with respect to whether Veal

is irreparably corrupt or permanently incorrigible, as necessary to put him in the narrow class of juvenile murderers for whom an LWOP sentence is proportional under the Eighth Amendment as interpreted in *Miller* [*v. Alabama*, 567 U.S. 460 (132 SCt 2455, 183 LE2d 407) (2012)] as refined by *Montgomery* [*v. Louisiana*, ___ U.S. ___ (136 SCt 718, 193 LE2d 599) (2016)].

*Veal I*, supra at 703. Accordingly, we vacated the LWOP sentence and remanded the case for resentencing on that count. Id.

At the sentencing hearing the trial court conducted on remand, the State announced it would forgo seeking LWOP and, instead, asked the court to impose two additional consecutive life with parole sentences (for the malice murder conviction and one of the armed robbery counts that the trial court previously incorrectly merged with the murder conviction, see *Veal I*), in addition to the other consecutive life sentences already imposed. Veal introduced published life expectancy tables to support his assertion that the recommended sentence would exceed his life expectancy. The trial court, however, rejected Veal's assertion that this would amount to a de facto LWOP, and imposed the State's recommended sentence without making an individualized determination regarding the appropriateness of the sentence pursuant to *Miller*. The new cumulative sentence amounts to eight consecutive life sentences plus 60 years.

1.  Citing OCGA § 42-9-39 (c)[1], appellant notes that the aggregate sentence imposed on him mandates 60 years of prison service before the first opportunity for paroled release.  Given his life expectancy, appellant states that even this new sentence is unconstitutional because it amounts to a de facto LWOP sentence, again without any determination of the factors set forth in *Veal I* which a court is required to find before imposing an LWOP sentence on a convicted defendant who was younger than 18 at the time of the crime.  Appellant asserts that reading the *Miller* and *Montgomery* Supreme Court opinions as applying only to actual LWOP sentences elevates form over substance and permits the label of the sentence to supersede the actual result of the imposed sentence.

Appellant acknowledges that he is asking this Court to expand the holdings of the *Miller* and *Montgomery* Supreme Court opinions.  As noted by this Court in *Veal I*, those cases read together create a substantive rule that before an LWOP sentence may be imposed on one who was a juvenile at the time the crime was committed, the sentencing court must conduct a hearing to

---

[1] OCGA § 42-9-39 (c) states:  "When a person receives consecutive life sentences as the result of offenses occurring in the same series of acts and any one of the life sentences is imposed for the crime of murder, such person shall serve consecutive 30 year periods for each such sentence, up to a maximum of 60 years, before being eligible for parole consideration."

determine if that person is one of the exceptionally rare juveniles for whom such a sentence is appropriate because of "a specific determination that he is *irreparably corrupt*." *Veal I*, supra, 298 Ga. at 702. But neither *Miller* nor *Montgomery* addressed the imposition of aggregate life-with-parole sentences for multiple convictions or whether sentences other than LWOP require a specific determination that the sentence is appropriate given the offender's youth and its attendant characteristics, and the nature of the crimes. See *Miller*, supra, at 465. Appellant points to courts in other jurisdictions that have found *Miller*-like protections are required for a prison sentence imposed upon a juvenile that exceeds the individual's life expectancy. See, e.g., *State v. Zuber*, 152 A3d 197 (N.J. 2017); *State v. Null*, 836 NW2d 41 (Iowa 2013) (holding under the Iowa constitution that "an offender sentenced to a lengthy term-of-years sentence should not be worse off than an offender sentenced to life in prison without parole who has the benefit of an individualized hearing under *Miller*"). On the other hand, other state and federal courts have determined that *Miller* and *Montgomery* do not apply to cases that do not involve LWOP sentences but nevertheless involve sentences that, according to the convicted juvenile, are the functional equivalent to a life sentence without the opportunity for parole. See, e.g., *Starks v. Easterling*, 659 Fed. Appx. 277 (6th Cir. 2016);

*Bell v. Nogan*, 2016 WL 4620369 (D. N.J. Sept. 6, 2016); *People v. Sanchez*, 2013 WL 3209690 (Cal. Ct. App. June 25, 2013).

Because the Supreme Court has not expanded its mandate that the Eighth Amendment's prohibition of cruel and unusual punishment as it applies to juvenile offenders requires a sentencer to consider a juvenile's youth and its attendant characteristics before imposing a sentence other than LWOP, this Court will not do so.[2]   Although appellant mentions "the analogous provision of the Georgia Constitution" in his enumerations of error, he offers no argument or citation of authority whatsoever regarding the application of the Georgia Constitution to the case.  We therefore deem any state constitutional claim abandoned.  See Supreme Court Rule 22.

2.    Appellant also asserts the new sentence violates the Supreme Court's ban on LWOP sentences for juveniles for non-homicide convictions,

---

[2]  Further, taken to its logical conclusion, appellant's position would require the consideration of a convict's life expectancy when any sentence is imposed against any convicted person, even imprisonment for a specific term of years.  Appellant acknowledges, for example, that pursuant to his reasoning a sentencing court should be required to consider whether the convict has a terminal illness and is likely to die before the end of the imposed sentence.  Pursuant to this reasoning, even in the case of a convicted adult, if a criminal sentence for a term of years is imposed for a conviction that cannot constitutionally be punished by a life sentence, and the imposed sentence would likely mean the convicted defendant would die before release, the sentence would be unlawful.  Such a requirement for consideration of life expectancy would be untenable, and would result in shorter sentences, or even no prison sentence at all, based solely upon the convict's age, demographic profile, or health.

as set forth in *Graham v. Florida*, 560 U.S. 48 (III) (B) (130 SCt 2011, 176 LE2d 825) (2010).  Again, appellant asserts that the new sentence imposed by the trial court on remand amounts to a de facto LWOP sentence when the service time required by Georgia law is compared to appellant's life expectancy.  Even though appellant was sentenced to life imprisonment for his murder conviction, appellant argues that the consecutive life sentences for the non-homicide convictions result in what he claims to be an unconstitutional aggregate sentence.  He argues that the sentence imposed on remand must be vacated and he must be resentenced to a term that does not result in a de facto LWOP sentence.  We reject this challenge for the reasons set forth in Division 1.

Judgment affirmed.  All the Justices concur.

Decided February 5, 2018.

Murder. Fulton Superior Court. Before Judge Markle.

Stephen M. Reba, for appellant.

Paul L. Howard, District Attorney, Joshua D. Morrison, Lyndsey H. Rudder, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew M. Youn, Assistant Attorney General, for appellee.